## Case No. 15,770.

UNITED STATES v. MILLER et al.

[5 Biss. 128.] 1

Circuit Court, N. D. Illinois.   June, 1870.

INTERNAL REVENUE — DISABLED DISTILLERY — INTENT TO DISTILL.

1. In an action on a distiller's bond, under the act of congress of July 20, 1868 [15 Stat. 125], a plea that the still blew up, of which the assessor was duly notified, whereupon he locked up and took control of the property, is a good plea as to the time the still was thus disabled.

2. If the partially manufactured material is duly turned over to the proper officers, the distiller should not be charged for spirits which he could not distill.

Action of debt on a distiller's bond, executed by defendants [John S. Miller and others], dated October 3, 1868, the bond being in the usual form, in the penal sum of $27,000, and under the act of July 20, 1868, § 20 (2 Brightly's U. S. Dig. 322; 15 Stat. 125). Averment that Miller, the distiller, from October 6th to 31st, 1868, at Sterling, distilled a large quantity of spirits subject to tax, and returned to the assessor less than 80 per cent. of the producing capacity of the still. Defendants pleaded that on a certain day the still blew up, of which fact the assessor was notified, whereupon he put a lock upon the furnace and fastened up the fermenting tubs, in which condition the establishment remained until October 28, when, the repairs being completed, business was resumed. It is averred that all the wines distilled were duly returned. The government filed a demurrer to the plea.

1 [Reported by Josiah H Bissell, Esq., and here reprinted by permission.]

## Case No. 15,771.

UNITED STATES v. MILLER.

[14 Blatchf. 93.] 1

Circuit Court, S. D. New York.   Jan. 19, 1877.

## Case No. 15,772.

UNITED STATES v. MILLER.

[2 Cranch, C. C. 247.] 2

Circuit Court, District of Columbia.   Oct. Term, 1821.

WITNESS — INCRIMINATING DISCLOSURES — OPINION OF COURT.

A witness, in a criminal cause, will be compelled to answer a question which he says, up-

1 [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

2 [Reported by Hon. William Cranch, Chief Judge.]

on his oath, he cannot answer without disclosing a fact which may be material and important evidence to criminate himself, as participator in the same offence for which the defendant stands indicted; provided the court should be of opinion that no direct answer to the question could furnish evidence against the witness.

[Followed in Devaughn's Case, Case No. 3,-837. Cited in U. S. v. Baugh, 1 Fed. 787.]

Indictment [against Samuel Miller] for fighting a duel with one R. Smith. Doctor John A. Kearney, a witness for the United States, was asked whether he saw the defendant shoot at Smith. The witness objected to answer, and said that he could not answer the question without disclosing a fact which might be material and important evidence to criminate himself as participator in the same offence for which the prisoner then stood indicted.

Mr. Jones, for defendant, in behalf of the witness, contended that he was not bound to answer the question, because it might compel him to disclose a fact which would be a necessary link in the chain of evidence to support a prosecution against himself, if such a one should be instituted, for being concerned in the same misdemeanor, and cited the opinion of Chief Justice Marshall, in Burr's Case [Case No. 14,693], in which he says: "The gentlemen of the bar will understand the rule laid down by the court to be this: It is the province of the court to judge whether any direct answer to the question which may be proposed will furnish evidence against the witness. If such answer may disclose a fact which forms a necessary and essential link in the chain of testimony which would be sufficient to convict him of any crime, he is not bound to answer it so as to furnish matter for that conviction. In such a case the witness must himself judge what his answer will be; and if he says on oath that he cannot answer without accusing himself, he cannot be compelled to answer." Mr. Jones also cited St. 46 Geo. III. c. 37; Peake, Ev. 128, 134, 138, 139, 160, 161, 167, 184; Phil. Ev. 206; Rex v. Edwards, 4 Term R. 440; Rex v. Inhabitants of Castell Careinion, 8 East. 77; Cooke's Case, 1 Salk. 153, 4 State Tr. 748; Lord Geo. Gordon's Case, Doug. 593; Title v. Grevett, Ld. Raym. 1008; Cates v. Hardacre, 3 Taunt. 424; People v. Herrick, 13 Johns, 82; U. S. v. Burr [Case No. 14,693]; 4 Bl. Comm. 329; 1 Hale, P. C. 301; McNal. Ev. 256. The fact that the witness was present at the duel was a fact which it would be necessary to prove upon a prosecution against him for being concerned in the misdemeanor. He could not answer the question affirmatively, therefore, without furnishing matter for his conviction.

THE COURT, however (CRANCH, Chief Judge, contra), was of opinion that no direct answer to the question could furnish evidence against the witness, and that he was bound to answer it. This the witness still refused to do; and THE COURT committed him for the contempt. He petitioned the supreme court of the United States for a writ of habeas corpus, at February term, 1822, but it was refused upon the ground that that court had no appellate jurisdiction in criminal causes. [Ex parte Kearney] 7 Wheat. [20 U. S.] 38.